978 F.2d 716
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Petitioner-Appellant,
v.
Monte BERRETT, Respondent-Appellee.
 No. 92-15226.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 22, 1992.*
Decided Oct. 26, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Monte Berrett, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He was convicted by guilty plea of escape from a federal prison, in violation of 18 U.S.C. § 751. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991), and affirm.
 
 
 3
 Berrett contends that (1) he was not guilty of escape within the meaning of section 751; and (2) there was no jurisdiction to punish him under section 751, and to do so amounted to double jeopardy.
 
 
 4
 In his section 2255 motion, Berrett stated that he escaped because there was a life threatening situation in the prison kitchen waste disposal system created by botulism in the plumbing. Berrett did not specifically raise the contentions he raises on appeal.[1] Moreover, both contentions lack merit.
 
 
 5
 First, Berrett entered a guilty plea admitting that he willfully escaped from the Federal Prison Camp at Boron, California, as charged in the indictment. A guilty plea is an admission of all the elements of a formal criminal charge and it conclusively admits all the factual allegations in the indictment. United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987) (quotations and citations omitted). Berrett cannot now allege that he was not guilty of the crime charged as set forth in the indictment. See id.
 
 
 6
 Second, although Berrett could have been disciplined administratively under 28 C.F.R. 541.13, there is no authority for the position that failure to do so was incorrect, or that he therefore could not have been indicted under 18 U.S.C. § 751.[2] See Bell v. Wolfish, 441 U.S. 520, 547-48 (1979) (prison officials are given a wide range of deference in the adoption and execution of policies needed to preserve internal order and security).
 
 
 7
 Further, Berrett's assertion that his conviction for escape amounted to double jeopardy because he could have been punished pursuant to administrative disciplinary procedures is meritless. See United States v. Apker, 419 F.2d 388, 388 (9th Cir.1969) (per curiam) (fact that inmate, after attempting to escape might have been placed in confinement by prison officials and subsequently convicted and sentenced under section 751 did not constitute double jeopardy); accord United States v. Rising, 867 F.2d 1255, 1259 (10th Cir.1989) (administrative punishment imposed by prison officials did not render subsequent criminal proceeding violative of due process clause).
 
 
 8
 Finally, Berrett did not appeal his conviction. In his section 2255 motion, he alleges that his attorney failed to inform him of his right to appeal. Generally, a collateral challenge under section 2255 "may not do service for an appeal." United States v. Frady, 456 U.S. 152, 165 (1982). In order to obtain collateral relief under section 2255, Berrett must show both cause for his procedural default and actual prejudice resulting from the alleged error. See id. at 168. Here, Berrett cannot show actual prejudice from the error he alleges. Accordingly, the district court properly denied Berrett's section 2255 motion.[3]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Berrett raised other issues below which he does not address in his opening brief. We therefore deem these issues waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 1 (9th Cir.1988)
 
 
 [2]
 28 C.F.R. 541.13 sets forth the administrative disciplinary procedures utilized by the Bureau of Prisons for prohibited acts including escape
 
 
 [3]
 Berrett's motion to strike the answering brief is denied