990 F.2d 1262
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Rigoberto HERNANDEZ-ESQUIVEL, Defendant-Appellant.
 No. 91-56228.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 15, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rigoberto Hernandez-Esquivel, a federal prisoner, appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion to vacate his sentence. We have jurisdiction under 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Hernandez contends that (1) he received ineffective assistance of counsel because his counsel induced him into entering a guilty plea even though there was no factual basis for the plea, and (2) his plea was unconstitutional because the court accepted the plea although there was no factual basis for the plea. Hernandez's contentions lack merit.
 
 
 4
 We review de novo the district court's denial of a 28 U.S.C. § 2255 motion. United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990).
 
 
 5
 A defendant challenging a guilty plea based on the ineffective assistance of counsel must demonstrate "both that his counsel's performance was deficient and that the deficient performance prejudiced his defense." United States v. Signori, 844 F.2d 635, 638 (9th Cir.1988). Deficient performance is representation outside the range of competence demanded of attorneys in criminal cases, and prejudice means that, but for counsel's errors, the defendant would not have pleaded guilty. Iaea v. Sunn, 800 F.2d 861, 864-65 (9th Cir.1986). A guilty plea is an admission of the allegations, and a criminal defendant cannot collaterally attack the factual basis of a voluntary and intelligent guilty plea. United States v. Mathews, 833 F.2d 161, 165 (9th Cir.1987).
 
 
 6
 Here, Hernandez pleaded guilty to one count of possession with intent to distribute a controlled substance and one count of use and possession of a firearm during the commission of a drug trafficking crime. At the Rule 11 hearing, the district court conducted a thorough colloquy with Hernandez. In response to specific questioning by the court, Hernandez admitted the allegations that, on the date in question, he had in his possession over 600 grams of heroin, which he intended to distribute, and a loaded .38 caliber firearm.
 
 
 7
 Hernandez has failed to allege facts showing that his counsel's advice was deficient or that he was prejudiced by his counsel's conduct. See Iaea, 800 F.2d at 864-65. Therefore, the district court properly determined that Hernandez's plea was knowing and voluntary. See Signori, 844 F.2d at 638. Hernandez made a full admission to the allegations. He is precluded from attacking the factual basis of his plea. See Mathews, 833 F.2d at 165.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3