UNITED STATES of America,
Plaintiff–Appellee,

v.

Horace Henry MATHEWS,
Defendant–Appellant.

No. 86–3867.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 9, 1987 *.

Decided Nov. 27, 1987.

Alex Tandy, Grand Prairie, Tex. for defendant-appellant.

Charles H. Turner, Eugene, Or., for plaintiff-appellee.

Before WRIGHT, WALLACE and PREGERSON, Circuit Judges.

PREGERSON, Circuit Judge:

Horace Henry Mathews filed a motion to vacate and set aside his sentence under Fed.R.Crim.P. 35(a). The district court treated the matter as a motion under 28 U.S.C. § 2255 and denied it.

On appeal, Mathews challenges the district court's subject matter jurisdiction; he

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

contends that his guilty plea to a federal charge does not conclusively establish jurisdiction. Mathews also contends that the district court erred in dismissing the motion to set aside his sentence as a successive motion under 28 U.S.C. § 2255. He seeks an order remanding the case for an evidentiary hearing on the jurisdictional issue. We affirm.

## BACKGROUND

The procedural history of this case is complex. It involves numerous recantations, appeals, and collateral attacks. The following events are relevant to this appeal.

On January 11, 1973, a grand jury indicted Mathews for kidnapping under 18 U.S.C. § 1201.[1] The indictment charged that Mathews had "knowingly transport[ed] in interstate commerce from Portland, Oregon ... to Tacoma, Washington" one Paul Mann, a young boy whom Mathews had kidnapped.

Mathews pleaded guilty to this charge on January 31, 1973,[2] stating that he had killed the victim in Washington. On March 1, 1973, he informed the district judge that he had not killed the victim in Washington, but in Oregon. He offered to show federal agents the body's location. One week later, while accompanying federal agents on a search for the body in an Oregon park, Mathews stated that he had, in fact, killed the victim in Washington and disposed of the body there. He reappeared before the district court on April 11, 1973, informed the judge that his original story—about killing the victim in Washington—was true, and again pleaded guilty to the charge.

Each time Mathews pleaded guilty, the district judge questioned Mathews extensively regarding the events of the kidnapping, his awareness of the effect of a guilty plea and of his right to a jury trial, and his satisfaction with his appointed counsel. Each time, Mathews provided detailed information regarding the kidnapping, indicated that his plea was knowing and voluntary, and expressed satisfaction with his attorney. Each time, Mathews insisted that he had killed the victim on a dock in Tacoma, Washington after transporting him from Oregon to Washington.

In September 1973, Mathews again recanted his testimony. On December 4, 1973 and January 29, 1974, he appeared before the district court, asserted that he had no recollection of his previous guilty pleas, and stated that he had neither kidnapped nor killed the alleged victim. He moved to withdraw his plea. On February 4, 1974, the district court held an evidentiary hearing on the motion. After making credibility determinations on the record, the court denied the motion. Mathews appealed. We affirmed by an unpublished memorandum disposition.

In July 1974, bones were discovered in the Oregon park to which Mathews had led federal agents in March 1973. Only a partial skull and tibial bones were recovered. Federal experts determined that the skull was that of a child, probably male, probably around 8 to 10 years old. They were unable to positively identify the skull as that of Paul Mann, Mathews' alleged victim.

The dentist who had treated Paul Mann examined the skull, and expressed the opinion that he had performed the dental work. He stated that he could not make a positive identification, but that it appeared to correspond to dental work he had performed on Paul Mann. He further stated that such dental work is common on children of that age. He stated, however, that he could not

---

1. This statute provides, in relevant part: "Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person ... when ... the person is willfully transported in interstate or foreign commerce ... shall be punished by imprisonment for any term of years or for life." 18 U.S.C. § 1201 (1982).

2. Mathews made an earlier attempt to plead guilty on January 23, but the district court—concerned about the voluntariness of the plea—entered a not guilty plea and continued the matter to allow Mathews to consult with counsel.

positively identify the skull as that of Paul Mann.

After the discovery of the bones, Mathews made a series of motions to set aside his sentence. The first was dismissed for lack of prosecution. The district court dismissed the second after adopting the magistrate's finding that it was a successive attempt to relitigate issues that had already been heard. Mathews sought reconsideration, which was denied. He filed an appeal, then moved to dismiss the appeal without prejudice. This court dismissed the appeal with prejudice as to the district court's judgment, but without prejudice as to Mathews' right to seek further relief from the district court.

Finally, Mathews filed a third motion to set aside judgment based on Fed.R.Crim.P. 35(a). In his "Traverse" to the government's response, Mathews asked for an evidentiary hearing on the issue of federal subject matter jurisdiction. The district court, construing Mathews' motion as a motion under 28 U.S.C. § 2255, dismissed it as successive. This appeal followed.

## STANDARD OF REVIEW

This court reviews de novo both challenges to federal jurisdiction, *see United States v. Hill,* 719 F.2d 1402, 1404 (9th Cir.1983), and ruling on a motion to set aside a sentence. *See United States v. Quan,* 789 F.2d 711, 713 (9th Cir.), *cert. dismissed,* — U.S. —, 107 S.Ct. 16, 92 L.Ed.2d 770 (1986).

## ANALYSIS

### I. Effect of guilty plea on federal subject matter jurisdiction

■ Mathews contends that the district court lacked subject matter jurisdiction because there is no proof that he transported the kidnapping victim from Oregon to Washington. Although he twice pleaded guilty to the indictment, and told the court that he had transported the victim into Washington, he now seeks to present evidence to show that the remains recovered in Oregon may, in fact, be those of his victim. He argues that a guilty plea cannot form the basis for federal subject matter jurisdiction. We disagree.

The effect of a guilty plea is well established: it "is an admission of all the elements of a formal criminal charge," *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969), and "conclusively admits all factual allegations of the indictment." *United States v. Benson,* 579 F.2d 508, 509 (9th Cir.1978). Mathews argues, however, that a guilty plea *cannot* conclusively establish an allegation if that allegation forms the jurisdictional basis for prosecution. Although this court has never squarely addressed the issue, our earlier cases lead us to conclude that Mathews' contention is meritless.

In *Waley v. Johnston,* 139 F.2d 117 (9th Cir.1943), *cert. denied,* 321 U.S. 779, 64 S.Ct. 617, 88 L.Ed. 1072 (1944), we addressed this issue in the context of a petition for habeas corpus. The appellant had pleaded guilty in federal district court to charges of conspiracy to kidnap, kidnapping, and transporting the victim from Washington to Idaho. The appellant also confessed to transporting the victim across state lines. *Id.* at 117, 119. In his habeas petition, the appellant denied that he had ever taken the victim into Idaho, and alleged that the federal courts lacked jurisdiction over the offenses charged. In affirming the denial of his petition, we stated: "The indictment stated facts giving the trial court jurisdiction. Appellant pleaded guilty in open court in the presence of his attorney, thus conceding the facts alleged." *Id.* at 121.

*United States v. Davis,* 452 F.2d 577 (9th Cir.1971), involved an appeal from the district court's denial of a motion to set aside a sentence under 28 U.S.C. § 2255. The defendant had been convicted after pleading guilty to bank robbery. Under the federal bank robbery statute, 18 U.S.C. § 2113, federal jurisdiction is based on the bank being insured by the Federal Deposit Insurance Corporation ("FDIC"). *See id.* at § 2113(f). The issue on appeal was whether—despite the defendant's guilty plea—the government was required to prove that the bank's deposits were insured by the FDIC, as alleged in the indictment.

This court held that the government did *not* have to prove insurance by the FDIC, because "a plea of guilty admits *all* averments of fact in the indictment." 452 F.2d at 578 (emphasis added). We read *Davis* to stand for the proposition that a guilty plea admits even those factual allegations in the indictment that form the predicate for federal jurisdiction.

Finally, in *De La Maza v. United States*, 215 F.2d 138 (9th Cir.1954), defendants were indicted on charges of violating a federal tax law that was being challenged before the Supreme Court. The defendants entered not guilty pleas and stipulated with the government as to the facts alleged in the indictment. "The practical effect of the facts stipulated to was to say, 'if the statute is valid, then we are guilty.'" *Id.* at 139. After the Supreme Court upheld the statute, the district court found the defendants guilty. On appeal, the defendants asserted—among others—the claim that "the stipulation was futile because of the rule that one cannot stipulate to jurisdiction." *Id.* at 140. This court found "little merit" in that contention, stating: "In our view, the stipulation went only to evidentiary matters on the issue of whether a crime was committed. However, if jurisdiction herein were an issue to be proved factually, it is well settled that *one may stipulate to facts from which jurisdiction may be inferred.*" *Id.* (emphasis added) (citing *The Confiscation Cases*, 87 U.S. (20 Wall.) 92, 108, 22 L.Ed. 320 (1874); *Pittsburg, C. & St. L. Railway Co. v. Ramsey*, 89 U.S. (22 Wall.) 322, 22 L.Ed. 823 (1875)).

■ Otherwise stated, a guilty plea conclusively proves the factual allegations contained in the indictment, but does not confer jurisdiction. Jurisdiction arises by operation of law when certain facts alleged in the indictment are proved, whether by guilty plea, by judgment, or by jury verdict. The defendant, by pleading guilty, establishes the factual basis for jurisdiction, but not jurisdiction itself. Jurisdiction derives from the statute.

## II. The Motion to Set Aside Sentence

■ As an initial matter, we note that the district court properly construed Mathews' motion under Federal Rule of Criminal Procedure 35 as a motion under 28 U.S.C. § 2255. The purpose of a Rule 35 motion is to challenge the sentence imposed, not to review errors that occurred before sentencing. *Hill v. United States*, 368 U.S. 424, 430, 82 S.Ct. 468, 472, 7 L.Ed.2d 417 (1962); *see also* Advisory Committee Note to Rule 2, Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code. Where a defendant seeks to attack the *basis* for his conviction, the district court may properly construe the defendant's Rule 35 motion as a motion under 28 U.S.C. § 2255. *United States v. Brown*, 413 F.2d 878, 879 (9th Cir.1969), *cert. denied*, 397 U.S. 947, 90 S.Ct. 965, 25 L.Ed.2d 127 (1970). The court *should* do so where—as here—the defendant alleges that the court lacked jurisdiction to impose the sentence, because "a Rule 35 proceeding contemplates the correction of a sentence of a court having jurisdiction," whereas "jurisdictional defects .... must ordinarily be presented under 28 U.S.C. § 2255." *Gilinsky v. United States*, 335 F.2d 914, 917 (9th Cir.1964). Thus, the district court properly treated Mathews' motion as a motion under section 2255.

We also find that the district court properly dismissed the motion. A motion under section 2255 is subject to dismissal on either of two grounds. First, a district court may, in its discretion, dismiss a motion if it is successive, and seeks "similar relief on behalf of the same prisoner." 28 U.S.C. § 2255 (1982). Second, a district court *must* dismiss a section 2255 motion—even if it is the first such motion in the case— "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court." Rule 4(b), Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code.

■ The district court based its dismissal on the former ground. Mathews correctly points out that this was not a proper ground for dismissal. A district court may dismiss a section 2255 motion as successive only if "(1) the second motion presents the same ground determined adversely to the

petitioner in the first; (2) the prior determination was on the merits; and (3) the ends of justice would not be served by reaching the merits of the second motion." *United States v. Donn,* 661 F.2d 820, 823 (9th Cir.1981) (per curiam) (citing *Sanders v. United States,* 373 U.S. 1, 15, 83 S.Ct. 1068 (1963)). Here, neither of the previous motions under section 2255 had been decided on the merits. The first was dismissed for lack of prosecution; the second was improperly dismissed as successive.[3] Thus, the district court did not have discretion to dismiss this third motion as successive.

This court, however, may affirm the district court's decision if the decision itself was correct, even if it was based on an inappropriate ground. *United States v. Click,* 807 F.2d 847, 850 n. 5 (9th Cir.1987). Thus, we may affirm if the dismissal would have been proper under Rule 4(b).

 Mathews seeks to avoid his sentence on the ground that an allegation of the indictment—namely, that he transported the kidnapped victim from Oregon to Washington—is contradicted by the evidence. By pleading guilty to the indictment, however, Mathews conclusively admitted the allegation. By seeking to contradict the plea, Mathews is, in effect, challenging the validity of the plea.[4] He cannot prevail, because his challenge is to the factual basis of the plea—not to its consensual character. *See Mabry v. Johnson,* 467 U.S. 504, 508–09, 104 S.Ct. 2543, 2546–47, 81 L.Ed.2d 437 (1984). "It is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, *may not be collaterally attacked.*" *Id.* at 508, 104 S.Ct. at 2547 (footnote with citations omitted) (emphasis added).

The Supreme Court has specified the grounds on which a guilty plea may successfully be attacked: " '[A] plea of guilty entered by one fully aware of the direct consequences ... must stand unless induced by threats (or promises to discontin-ue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e.g. bribes).' " *Brady v. United States,* 397 U.S. 742, 755, 90 S.Ct. 1463, 1472, 25 L.Ed.2d 747 (1970) (quoting *Shelton v. United States,* 246 F.2d 571, 572 n. 2 (5th Cir.1957) (en banc), *rev'd per curiam on other grounds,* 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958)). Mathews does not deny that he was fully aware of the direct consequences of his plea. Nor does he allege that his plea was induced by threats, misrepresentations, or promises. Thus, under *Brady,* his plea must stand.

Because Mathews could not have prevailed on his motion under 28 U.S.C. § 2255, dismissal was mandatory.

AFFIRMED.

---

**3.** Because the district court had dismissed the first motion without reaching the merits, it did not have discretion to dismiss the second motion as successive.

**4.** Mathews had a previous opportunity to litigate the validity of the plea when he moved to withdraw his plea. As noted above, the district court denied that motion on the grounds that Mathews' recantation was not credible.