959 F.2d 240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Peter J. HOLM, Petitioner-Appellant,
v.
MANFRED MAASS, Respondent-Appellee.
 Nos. 91-35294, 91-35304.*
 United States Court of Appeals, Ninth Circuit.
 Submitted April 8, 1992.**
Decided April 13, 1992.
 
 Before HUG, O'SCANNLAIN and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Peter J. Holm, an Oregon state prisoner, appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petitions challenging his convictions for third degree sodomy, rape, and sexual abuse in Clackamas County, Oregon (91-35294), and first degree sodomy in Multnomah County, Oregon (91-35304). Holm contends that the district court erred by denying his claims of ineffective assistance of counsel. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.
 
 
 3
 On August 23, 1985, Holm signed a confession to sexual activites with his stepchildren. He was charged in Multnomah County on August 30, 1985, and in Clackamas County on December 18, 1985. In Multnomah County he was represented by William Brennan and pleaded guilty to first degree sodomy of his stepson. In Clackamas County he was represented by Ronald Thom and pleaded guilty to third degree sodomy and no contest to rape and sexual abuse. In his two habeas petitions, he claimed that his pleas were obtained by use of a confession that was coerced and violated his privilege against self-incrimination and that he was denied effective assistance of counsel. The district court found that Holm's pleas were voluntary and not invalidated by his earlier confession. It denied Holm's claims of ineffective assistance of counsel because he did not allege prejudice and because counsel's conduct was reasonable.
 
 
 4
 We review de novo the denial of a habeas petition. Mikes v. Borg, 947 F.2d 353, 356 (9th Cir.1991). The district court may deny a habeas petition without an evidentiary hearing if the petitioner does not make allegations which, if proved, would entitle him to relief. Tinsley v. Borg, 895 F.2d 520, 530 (9th Cir.1990).
 
 
 5
 To establish ineffective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficiency prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Prejudice is established if there is a reasonable probability that but for counsel's error, the result of the proceeding would have been different. Id. at 694.
 
 
 6
 If the petitioner pleaded guilty or no contest, he must show that counsel's advice as to the consequences of the plea was not within the range of competence demanded of criminal attorneys, and that but for counsel's advice, he would not have entered the plea. Hill v. Lockhart, 474 U.S. 52, 58 (1985); Donagiere v. United States, 914 F.2d 165, 168 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). A guilty plea conclusively establishes all factual allegations of the indictment. United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987). Accordingly, a defendant whose guilty plea was valid cannot claim that his attorney's performance was deficient because the attorney did not challenge the indictment or develop a defense. See Strickland, 466 U.S. at 687; see also McMann v. Richardson, 397 U.S. 759, 769-71 (1970) (defendant who pleaded guilty cannot challenge the admissibility of a confession, but rather must show that counsel's advice to forego the challenge to the confession and plead guilty was so misguided as to amount to ineffective assistance).
 
 
 7
 Holm contends that Brennan provided ineffective assistance in Multnomah County because he did not move for suppression of the confession, challenge the indictment, or properly investigate and prepare the case. He contends that Thom provided ineffective assistance in Clackamas County because he did not move for suppression of the confession or properly investigate and prepare the case. Holm contends that these deficiencies forced him to plead guilty.
 
 
 8
 At a state court deposition, Brennan testified that he and Holm discussed whether the confession was coerced and that he decided not to file a suppression motion because successful suppression was unlikely; moreover, Holm wanted to avoid a trial and eventually rejoin his family, and Brennan believed the government's case was strong. Thom testified at a deposition that Holm never told him that he believed the confession was coerced. This evidence established that Brennan and Thom did not provide ineffective assistance by advising Holm to enter the pleas rather than making suppression motions. See Hill, 474 U.S. at 58; McMann, 397 U.S. at 769-71. Accordingly, the district court did not err by denying Holm's habeas petitions.
 
 
 9
 AFFIRMED.
 
 
 
 *
 We order these cases consolidated because they were consolidated below
 
 
 **
 The panel unanimously finds these cases suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3