977 F.2d 593
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wilton H. JONES, Defendant-Appellant.
 No. 90-16685.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 22, 1992.*
Decided Sept. 29, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ex-federal prisoner[1] Wilton H. Jones appeals pro se the district court's order denying his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. After a plea of nolo contendere, Jones was convicted of misbranding certain drugs, in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), 21 U.S.C. § 331(k). We review de novo, Doganiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991), and we affirm.
 
 
 3
 A defendant who enters a voluntary and intelligent plea upon advice of competent counsel may not collaterally attack the plea based on alleged defects in the indictment. United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987). Moreover, a guilty plea establishes all factual allegations in the indictment. Id. A plea of nolo contendere admits every essential element of the offense that is well pleaded in the charge and is tantamount to an admission of guilt. Lott v. United States, 367 U.S. 421, 426 (1961); Tseung Chu v. Cornell, 247 F.2d 929, 938 (9th Cir.), cert. denied, 355 U.S. 892 (1957).
 
 
 4
 Jones contends that the superseding information was defective because it omits reference to 21 U.S.C. § 352, the section of the FDCA which specifies that failure to label is a method of misbranding within the meaning of the 21 U.S.C. § 331(k). This contention lacks merit. Moreover, Jones cannot attack collaterally the validity of the plea based on alleged defects in the information. See Lott, 367 U.S. at 426; Mathews, 833 F.2d at 163-64. Accordingly, the district court did not err by denying Jones's section 2255 habeas petition.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Jones has completed his prison term but is on probation