988 F.2d 124
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Manuel MOLL, Defendant-Appellant.
 No. 92-50341.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1992.*
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court for the Central District of California; No. CR-91-763-CBM, Consuelo B. Marshall, District Judge, Presiding.
 C.D.Cal.
 AFFIRMED.
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Defendant Martin Moll pled guilty to three counts of a twenty-one count First Superseding Indictment charging him with embezzlement of bank funds in violation of 18 U.S.C. § 656 and with conspiracy to embezzle in violation of 18 U.S.C. § 371. Prior to pleading guilty, Moll made a Motion to Dismiss the indictment. Moll argued that the indictment failed to allege a violation of 18 U.S.C. § 656. Moll admitted that he had removed cancelled travelers checks from the bank but argued that such checks are not funds within the meaning of 18 U.S.C. § 656. The district court denied the motion. Moll now appeals, renewing his argument that the indictment failed to state a cause of action because cancelled travelers checks are not funds within the meaning of 18 U.S.C. § 656. We conclude that Moll waived his right of appellate review of this issue by entering an unconditional plea. Accordingly, we affirm.
 
 
 3
 The government asserts that by entering an unconditional guilty plea, Moll has waived his ability to challenge the sufficiency of the indictment. Although a guilty plea erases all claims of constitutional violations which precede the plea, a defendant may still raise jurisdictional challenges after entering a guilty plea. United States v. Montilla, 870 F.2d 549, 552 (9th Cir.1989), amended, 907 F.2d 115 (1990).
 
 
 4
 Jurisdictional claims which may be raised after a defendant has entered a guilty plea include claims that the applicable statute is unconstitutional or that the indictment fails to state an offense. Id. However, a defendant who has entered a guilty plea may not raise a claim which challenges the factual basis of the court's jurisdiction. United States v. Mathews, 833 F.2d 161 (9th Cir.1987). "[W]hether a claim is 'jurisdictional,' and therefore appealable, depends on whether the claim can be resolved by examining the face of the indictment or the record at the time of the plea without requiring further proceedings." United States v. Caperell, 938 F.2d 975, 977-78 (9th Cir.1991).
 
 
 5
 The government asserts that Moll's claim involves a purely factual challenge which cannot be resolved from the face of the indictment. We agree. The record at the time of Moll's guilty plea does indicate that he had removed cancelled travelers checks from the bank. However, the crux of Moll's argument is that these cancelled travelers checks were worthless and, as worthless instruments, they were not funds under 18 U.S.C. § 656. It is not clear from the indictment and the record at the time when the guilty plea was entered whether the cancelled travelers checks that Moll took from the bank were worthless. Counsel for Moll and for the government debated this issue before the district court, but it was not resolved below. To assess Moll's assertion that the indictment fails to state a cause of action, further proceedings into the nature of the cancelled travelers checks taken by Moll would be necessary. Moll's claim challenges the factual basis of the indictment and is therefore not appealable. By entering an unconditional guilty plea, Moll waived his right to challenge the indictment on the ground that the traveler's checks he took were worthless and therefore are not covered by 18 U.S.C. § 656.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3