39 F.3d 1190
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Maurice Vincent RONEY, Defendant-Appellant.
 No. 93-50693.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1994.
Decided Oct. 31, 1994.
 
 Before: WALLACE, Chief Judge, REINHARDT and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant/Appellant Maurice Vincent Roney (Roney) pleaded guilty to attempted bank robbery in violation of 18 U.S.C. Sec. 2113(a). At sentencing, over Roney's objection, the district court concluded that Roney was a "career offender." On appeal, Roney claims that finding was error because his 1981 second-degree burglary conviction was not a crime of violence. We affirm.
 
 
 3
 In assessing whether an offense is a crime of violence under Sec. 4B1.2, courts should analyze the statutory elements of the crime charged "or whether the actual charged 'conduct' of the defendant presented a serious risk of physical injury to another." United States v. Young, 990 F.2d 469, 471 (9th Cir.), cert. denied, 114 S.Ct. 276 (1993). Moreover, "courts may ... consider the conduct 'expressly charged[ ] in the count of which the defendant was convicted.' " United States v. Innie, 7 F.3d 840, 849 (9th Cir.1993) (citing U.S.S.G. Sec. 4B1.2, comment, n. 2)), cert. denied, 114 S.Ct. 1567 (1994).
 
 
 4
 Roney's 1981 burglary complaint charged that Roney entered "the residence, and building occupied by Fernando Lopez, with intent to commit larceny." Roney's guilty plea to that offense "conclusively proves the factual allegations contained in the indictment...." United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987). U.S.S.G. Sec. 4B1.2 explicitly provides that such burglary of a dwelling is a crime of violence. Thus, the district court did not err in finding that Roney was a career offender because Roney's 1981 burglary was a crime of violence.[1]
 
 
 5
 On appeal, Roney argues that he was entitled to a downward departure for being a minor participant in the crime. See U.S.S.G. Sec. 3B1.2. Generally, a party must raise an issue initially to the trial court to have it considered on appeal. United States v. Smith, 905 F.2d 1296, 1302 (9th Cir.1990). Roney, however, admittedly failed to raise the issue at trial.
 
 
 6
 We recognize an exception to this general rule when "plain error has occurred and injustice might otherwise result." United States v. Whitten, 706 F.2d 1000, 1012 (9th Cir.1983), cert. denied, 465 U.S. 1100 (1984). In sentencing Roney, the district court allowed a four-point downward departure because Roney accepted responsibility for the crime, and because the "atmosphere in which all these things took place was fraught with gang presence, participation...." The district court considered the totality of the evidence, including evidence indicative of Roney's role, before adjusting Roney's sentence. We find no plain error in the action of the district court.
 
 
 7
 Accordingly, the order of the district court is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 An alternative basis exists for finding that Roney's 1981 burglary was a "crime of violence." Any time a burglar enters an occupied residence with larcenous intent, there is a risk that he will encounter a resident and use physical force to accomplish his illegal purpose and escape apprehension. United States v. Becker, 919 F.2d 568, 571 (9th Cir.1990), cert. denied, 499 U.S. 911 (1991). Thus, in entering an "occupied residence," Roney participated in "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. Sec. 4B1.2(ii)