65 F.3d 176
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
William Jearell BIRCHER, Defendant-Appellant.
 No. 95-15523.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Federal prisoner William Jearell Bircher appeals pro se the district court's summary dismissal of his 28 U.S.C. Sec. 2255 motion challenging his conviction and 120 month sentence imposed for cocaine distribution and use of a firearm. We have jurisdiction under 28 U.S.C. Sec. 2255, and we affirm.
 
 
 3
 Bircher contends that his conviction must be vacated on the ground that the search warrants used to obtain evidence against him were obtained through violations of Fed.R.Crim.P. 41 because his copies of the search warrants do not reflect timely original signatures of the magistrate judge issuing them, and the district court docket does not reflect timely docketing of every search warrant. Bircher did not raise these allegations in his direct appeal. See United States v. Bircher, No. 93-10536 (unpublished disposition) (9th Cir. Sept. 8, 1994).
 
 
 4
 Relief under 28 U.S.C. Sec. 2255 is limited to claims of constitutional error. United States v. Addonizio, 442 U.S. 178, 185 (1979). The "settled rule in the Ninth Circuit is that a purely technical violation of Rule 41 does not require the suppression of evidence otherwise legally obtained." United States v. Luk, 859 F.2d 667, 671 (9th Cir.1988). Here, our review of the record indicates that the district court did not err in determining that Bircher failed to allege claims of constitutional error requiring that his conviction and sentence be vacated and the search warrants invalidated.
 
 
 5
 Because it plainly appears from the face of Bircher's section 2255 motion that he is not entitled to relief, the district court did not err by summarily dismissing his motion without an evidentiary hearing. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3