89 F.3d 847
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Darren MIMS, Defendant-Appellant.
 No. 95-30306.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 22, 1996.*
Decided April 29, 1996.
 
 Before: HALL, THOMPSON and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Darren Mims appeals his sentence under the Sentencing Guidelines imposed following his guilty plea to possession of cocaine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). Mims contends that the district court erred in sentencing him as a career offender under U.S.S.G. § 4B1.1 because his prior California conviction for throwing a substance at a vehicle was not a "crime of violence" pursuant to U.S.S.G. § 4B1.2.
 
 
 3
 We have jurisdiction under 28 U.S.C. § 1291. This court reviews the district court's interpretation of the U.S. Sentencing Guidelines de novo, United States v. Young, 990 F.2d 469, 471 (9th Cir.), cert. denied, 114 S.Ct. 276 (1993), and we affirm.
 
 
 4
 A defendant is a career offender if the instant offense is a felony that is a crime of violence or a narcotics offense, and the defendant has two prior felony convictions that are either crimes of violence or narcotic offenses. U.S.S.G. § 4B1.1.
 
 
 5
 In deciding whether a prior conviction meets the definition of a crime of violence, the court must determine whether: 1) one of the elements of "the crime is the use, attempted use, or threatened use of physical force against the person of another;" or 2) the crime presented "a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2; Young, 990 F.2d at 471.
 
 
 6
 "Any person who with intent to do great bodily injury maliciously and willfully throws or projects any rock, brick, bottle, metal or other missile, or projects any other substance capable of doing serious bodily harm at such vehicle or occupant thereof is guilty of a felony." Cal.Veh.Code § 23110(b).
 
 
 7
 Here, Mims had pled guilty to Cal.Veh.Code § 23110(b) after he was charged with throwing a brick through the windshield of his girlfriend's vehicle while she was in the car.
 
 
 8
 Because one of the elements of Cal.Veh.Code § 23110(b) is the use of physical force against another, this conviction meets the definition of a "crime of violence." See U.S.S.G. § 4B1.2; Young, 990 F.2d at 471. Further, because Cal.Veh.Code § 23110(b) involves a serious risk of physical injury to another, the conviction satisfies the alternative definition of a "crime of violence." See U.S.S.G. § 4B1.2; Young, 990 F.2d at 471.
 
 
 9
 Appellant contends that California Vehicle Code § 23110(b) criminalizes violence against both persons and property and therefore cannot per se be classified as a crime of violence. This argument lacks merit because the statute at issue specifically requires a showing that defendant intended to cause great bodily injury to a person and not only to the vehicle. See Cal.Veh.Code § 23110(b). Appellant's second argument is that during the time of the offense, he believed that he was throwing a brick at an unoccupied vehicle. This claim also lacks merit because appellant pled guilty to this charge and therefore may not collaterally attack the facts essential to the plea. See United States v. Mathews, 833 F.2d 161, 163-64 (9th Cir.1987) (by pleading guilty, a defendant conclusively admits the allegations and may not later collaterally attack the facts essential to the plea).
 
 
 10
 Therefore, because appellant's conviction of Cal.Veh.Code § 23110(b) can be categorized as a crime of violence pursuant to U.S.S.G. § 4B1.2, the district court did not err when it used this state conviction in determining that he was a career offender under U.S.S.G. § 4B1.1. See U.S.S.G. § 4B1.1.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3