110 F.3d 71
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Ray JONES, Defendant-Appellant.
 No. 96-56120.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 24, 1997.*
Decided March 27, 1997.
 
 Before: SNEED, FARRIS, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Michael Ray Jones appeals pro se the district court's denial of his second 28 U.S.C. § 2255 motion. We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.
 
 
 3
 Jones first contends that the district court improperly adjusted his offense level by two levels pursuant to U.S.S.G. § 3B1.1(c) because Jones was an organizer or leader. This contention lacks merit.
 
 
 4
 We review for clear error the district court's factual finding that a defendant was a leader or organizer. See United States v. Manarite, 44 F.3d 1407, 1420 (9th Cir.1995). United States Sentencing Guideline § 3B1.1(c) requires the sentencing judge to increase a defendant's base offense level by two points if he was an organizer, leader, manager, or supervisor of the criminal activity. See U.S.S.G. § 3B1.1(c) (1995). The government bears the burden of proof by a preponderance of the evidence. See United States v. Mares-Molina, 913 F.2d 770, 772 n. 1 (9th Cir.1990). An increase under U.S.S.G. § 3B1.1(c) is appropriate if there is evidence that "the defendant exercised some control over others involved in the commission of the offense or was responsible for organizing others for the purpose of carrying out the crime." Id.
 
 
 5
 Here, Jones went to trial before the district court on stipulated facts. These facts amply established that Jones was selling PCP and precursor chemicals out of the home of his girlfriend, Betty Manning and that Manning and her two sons were involved in the sales at the direction of Jones. On numerous occasions, Jones negotiated sales with a confidential informant, often from out-of-state, and then directed Manning and her sons to make the actual exchange with the buyers. In light of the evidence, the district court did not clearly err by finding that Jones was an "organizer, leader, manager or supervisor" under U.S.S.G. § 3B1.1(c). See Manarite, 44 F.3d at 1420; Mares-Molina, 913 F.2d at 773.[1]
 
 
 6
 Jones's contention that his counsel was ineffective for failing to object to the two-level increase lacks merit. Given our disposition of this contention, Jones cannot establish prejudice. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Finally, we reject Jones's contention that the district court violated his constitutional rights by summarily denying his second section 2255 motion. See United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (noting that district court may summarily dismiss a section 2255 motion where it plainly appears from the face of the motion that defendant is not entitled to relief).
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We do not reach the government's argument that Jones's appeal should be stayed or dismissed because Jones did not obtain a certificate of appealability. See Jeffries v. Wood, 103 F.3d 827, 827 (9th Cir.1996) (holding that the Antiterrorism and Effective Death Penalty Act of 1996 does not apply retroactively)