111 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Wallace Ward PAYNE, Defendant-Appellant.
 No. 96-35092.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 11, 1997.*
Decided April 21, 1997.
 
 1
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.**
 
 
 2
 MEMORANDUM***
 
 
 3
 Defendant appeals from the denial of his motion under 28 U.S.C. § 2255 to vacate his sentence. He was sentenced on a plea of guilty and he did not appeal in the criminal case. Because they are known to the parties, we do not recite the facts or summarize the prior proceedings.[1]
 
 1. Specific Drug Composition
 
 4
 Defendant contends that the sentencing court erred in not making a finding of whether the drugs involved in his offense were D-methamphetamine or the less potent L-methamphetamine. This contention is foreclosed by our recent case of United States v. McMullen, 98 F.3d 1155 (1996), where we held that "the issue may not be raised under § 2255 if it was not raised at sentencing or on direct appeal." Id. at 1157.
 
 2. Entrapment
 A. "Offense" entrapment
 
 5
 The government construes defendant's entrapment contention as the classical "offense" entrapment argument. However, as the government also correctly notes, such an argument is foreclosed by defendant's plea of guilty. Such a plea admits all of the elements of the offense, including the requisite criminal state of mind. E.g., United States v. Mathews, 833 F.2d 161, 163 (9th Cir.1987).
 
 B. "Sentencing" entrapment
 
 6
 We have recognized sentencing entrapment as a ground for departure. United States v. Stauffer, 38 F.3d 1103, 1106 (9th Cir.1994). However, defendant is barred by his plea agreement from raising this non-constitutional ground. In that agreement he agreed "not to seek a downward departure." Defendant is bound by his plea agreement.
 
 3. Assistance of Counsel
 
 7
 Counsel's failure to raise the D- versus L-methamphetamine distinction was not ineffective assistance. It violated neither the performance nor prejudice prong of Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). See McMullen, 98 F.3d at 1157-58. With respect to other claimed bases for this contention, the record establishes that, given the facts, counsel's performance was reasonable, See United States v. Baramdyka, 95 F.3d 840, 846-47 (9th Cir.1996), or was not prejudicial. Id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Cir.R. 34-4
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge, Eastern District of Washington, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 We treat defendant's motion for leave to supply court with added points and authorities, filed Oct. 23, 1996, as a citation of supplemental authorities pursuant to Fed.R.App.P. 28(j), and have reviewed the authorities cited therein accordingly