UNITED STATES OF America, Plaintiff—Appellee,

v.

Lonnie CHRISTENSEN, Defendant—Appellant.

No. 03–16336.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 9, 2004.*

Decided Dec. 23, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. See

Fed. R.App. P. 34(a)(2).

Robert E. Lindsay, Esq., Alan Hecht-kopf, Attorney, James M. Malone, U.S. Department of Justice Tax Division/Appellate Section, Washington, DC, for Plaintiff–Appellee.

Marcia G. Shein, Esq., Decatur, GA, for Defendant–Appellant.

Before: O'SCANNLAIN, COWEN,** and BEA, Circuit Judges.

## MEMORANDUM ***

Lonnie Christensen ("Christensen") seeks to appeal from the district court's denial of his motion entitled "Status on Motion to Set Hearing Date." We conclude that we do not have jurisdiction to entertain this appeal. Christensen's motion constitutes a collateral attack on his conviction under 28 U.S.C. § 2255, for which he has not obtained a certificate of appealability. Accordingly, the appeal will be dismissed.

### I.

The facts germane to resolution of this appeal are not in dispute. On January 17, 1996, a federal grand jury issued a second superceding fourteen-count indictment charging in part Christensen with conspiracy to commit offenses against the laws of the United States, in violation of 18 U.S.C. § 371, filing of false tax returns, in violation of 26 U.S.C. § 7206(1), obstruction of internal revenue laws, in violation of 26 U.S.C. § 7212(a), obstruction of justice, in violation of 18 U.S.C. §§ 1512(b)(2)(A), 1512(b)(1), mail fraud, in violation of 18

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

U.S.C. § 1341, and aiding in the preparation of false tax returns, in violation of 26 U.S.C. § 7206(2). A jury convicted Christensen of all counts for which he was indicted on April 25, 1997.

Government witness Sue Adams, a former employee of Christensen, testified at the trial pursuant to a cooperation agreement with the government. During pretrial proceedings, Christensen claimed that Adams had purloined confidential documents from Christensen and/or his companies at the government's behest and without judicial supervision. Trial counsel for the United States maintained that the documents Adams had furnished to federal prosecutors were obtained on her own initiative. Neither the magistrate judge nor the district court resolved the allegations of prosecutorial misconduct at that time. On October 15, 1997, approximately six months following the jury's guilty verdict, Christensen filed a motion with the district court that asserted the same allegations of prosecutorial misconduct.[1] An *ex parte* hearing was held with defense counsel on October 27, 1997. The district court ordered the motion stricken and removed from the criminal docket and that the matter raised by the motion be opened as a "miscellaneous case."[2] The Clerk of Court assigned it a new, "miscellaneous" case number.

Christensen was sentenced two days later, October 29, 1997. The district court imposed a sentence of 110 months imprisonment, three years supervised release, a $1,100 assessment, a $150,000 fine, and nearly $5.4 million in restitution. He appealed his conviction and sentence, which we affirmed in an unpublished opinion on January 4, 1999. *See United States v. Christensen,* No. 97–10485, 1999 WL 47391, at *1 (9th Cir. Jan.4, 1999). Christensen's direct appeal failed to raise any issues involving the alleged prosecutorial misconduct.

Christensen subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on February 17, 1999, in which he asserted, *inter alia,* that his conviction was obtained by the use of evidence gained pursuant to unconstitutional searches and seizures in violation of the Fourth Amendment, and that the government's failure to disclose this information violated *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). The basis for this claim was the same as that previously represented to the district court; namely, that witness Sue Adams "purloined and pilfered documents" belonging to Christensen and/or his companies at the direction of the government and without judicial supervision.

The district court denied the motion on December 20, 2000, finding that the only evidence relied upon by Christensen was protected by Adams' attorney-client privilege with Attorney Michael Amador, and that Adams had not waived that privilege. The district court refused to grant Christensen a certificate of appealability. On January 18, 2002, a two-judge panel of this Court likewise declined Christensen's request for a certificate, and denied "[a]ll outstanding motions."

In March 2003, Christensen filed a request concerning the status of the miscellaneous case. He subsequently filed an additional motion styled "Status on Motion to Set Hearing Date" seeking a hearing as to the alleged prosecutorial misconduct issue. The district court denied

---

1. The motion was sealed and neither the briefs nor excerpts of record filed with the Court specify what relief the motion sought.

2. The Court does not pass upon the propriety of this procedure.

Christensen's request for status and motion for a hearing, reasoning that (1) this Court's denial of "[a]ll outstanding motions," issued in connection with our denial of Christensen's application for a certificate of appealability on January 18, 2002, operated to deny the October 1997 motion; (2) Christensen waived his prosecutorial misconduct claim to the extent he failed to raise it on direct appeal from his conviction or in his subsequent motion to vacate his sentence; (3) Christensen's reliance upon the information possessed by Attorney Douglas C. Crawford in support of the prosecutorial misconduct claim was previously asserted in his application for a certificate of appealability, which the district court and this Court denied; and (4) Christensen's reliance upon the information allegedly disclosed by Adams to Attorney Amador in support of the prosecutorial misconduct claim was previously asserted and rejected by the district court in its ruling on Christensen's habeas petition. This appeal followed.[3]

## II.

■ We do not have jurisdiction to entertain this appeal. Although Christensen presents his motion as a "Status on Motion to Set Hearing Date," it is in fact a motion under 28 U.S.C. § 2255. Congress has established mandatory, jurisdictional procedures a petitioner must follow in appealing from a district court's denial of relief under § 2255. Christensen cannot avoid these jurisdictional limitations by styling his motion under another name. As he has failed to obtain a certificate of appealability from the district court or this Court, the appeal must be dismissed for want of jurisdiction.

■ Christensen's motion is undoubtedly the functional equivalent of a motion under 28 U.S.C. § 2255, even if not characterized as such by the district court. Notwithstanding its form, the motion represents a challenge to the validity of his criminal conviction and sentence. For example, in his briefing before this Court, Christensen argues that "the alleged prosecutorial misconduct resulted in the violation of Appellant Christensen's constitutional rights under the Fourth, Fifth, and Sixth Amendments," but nowhere does he evince an intent to seek civil damages. Rather, in the motion at issue here, Christensen explained that "[t]his matter must be determined on the merits in order for the Defendant to have a complete understanding of what happened in his case, *as well as how he might proceed in a postconviction remedy for government misconduct.*" (emphasis added). Indeed, in his briefing before this Court, Christensen relies on case law regarding "evidentiary hearings in 2255 matters" and asserts that the cases are applicable here because the alleged prosecutorial misconduct resulted in claims "which are also cognizable under 2255." Christensen's Brief makes apparent that he seeks to challenge the validity of his criminal conviction through the vehicle of a hearing on the miscellaneous case. Such a challenge is appropriately considered a motion to vacate sentence under 28 U.S.C. § 2255. *See, e.g., United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987) ("Where a defendant seeks to attack the basis for his conviction, the district court may properly construe the defendant's Rule 35 motion as a motion under 28 U.S.C. § 2255.") (emphasis removed); *Baker v. United States,* 932 F.2d 813, 814 (9th Cir.1991) (agreeing with the district court's construal of a 'Petition for a Writ of

---

**3.** The parties do not dispute that the district court's order denying Christensen's motions constituted a final decision in the "miscellaneous case."

Error Coram Nobis' as a motion to vacate sentence pursuant to 28 U.S.C. § 2255); *cf. Thompson v. Calderon,* 151 F.3d 918, 921 (9th Cir.1998) (en banc) ("In most cases when the factual predicate for a Rule 60(b) motion also states a claim for a successive petition under 28 U.S.C. § 2244(b), ... the ... motion should be treated as a successive habeas petition. This is consistent with general habeas corpus jurisprudence, for a Rule 60(b) motion following the entry of a final judgment in a habeas case raises policy concerns similar to those implicated by a second petition ....") (internal quotations omitted). The district court's failure to so characterize the motion at issue here does not preclude us from doing so.

### III.

Because we construe Christensen's motion as a § 2255 petition, he must comply with the procedural commands of 28 U.S.C. § 2253(c). "A petitioner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability from a judge of the district court or the court of appeals." *United States v. Allen,* 157 F.3d 661, 665 (9th Cir.1998) (citing 28 U.S.C. § 2253(c)); *accord* Fed. R.App. P. 22(b)(1). He has failed to apply for a certificate of appealability from either this Court or the district court. Such a requirement is jurisdictional. *Miller–El v. Cockrell,* 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Accordingly, we are without jurisdiction to consider the claims Christensen presents in this appeal.[4]

### IV.

Finally, even if we elected to treat the instant appeal as a request for a certificate

of appealability, *see Slack v. McDaniel,* 529 U.S. 473, 483, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000), we would deny it.

DISMISSED.

---

4. Christensen's motion for bond pending appeal is denied as moot.

