UNITED STATES of America, Plaintiff—Appellee,

v.

**Henry Clay HOWARD, III, Defendant—Appellant.**

No. 04–16709.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 13, 2006.*

Decided Feb. 16, 2006.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

---

Darin Lahood, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Henry Clay Howard, III, Sheridan, OR, pro se.

Before: FERNANDEZ, RYMER and BYBEE, Circuit Judges.

### MEMORANDUM **

Henry Clay Howard, III, appeals pro se from the district court's denial of his 28 U.S.C. § 2255 motion alleging insufficient evidence to support his conviction and sentence and ineffective assistance of counsel. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Because Howard stated in a valid plea agreement that he was guilty of knowing possession of cocaine base with intent to distribute, and possession of a weapon during or in relation to a drug trafficking crime, his claim that the evidence was

** This disposition is not appropriate for publication and may not be cited to or by the

insufficient to sustain the conviction and sentence on these counts is barred. *See United States v. Mathews,* 833 F.2d 161, 164 (9th Cir.1987) (a guilty plea conclusively proves all factual allegations contained in the indictment).

Similarly, Howard's assertion that his counsel was ineffective for failing to challenge his conviction and sentence on the grounds that the evidence was insufficient fails because he admitted guilt on those counts in the plea agreement and at the change of plea hearing, and does not argue now that he would have gone to trial but for his counsel's errors. *See Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

To the extent that Howard raises issues not included in the certificate of appealability ("COA"), we construe it as a motion to broaden the COA and we deny the motion. *See* 28 U.S.C. § 2253(c)(2); 9th Cir. R. 22–1(e).

**AFFIRMED.**