untarily); *see also United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir.2005).

**DISMISSED.**

**UNITED STATES of America,** Plaintiff–Appellee,

v.

**Donovan Dwayne OLIVER,** **Defendant–Appellant.**

No. 01–10372.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 6, 2006.*

Filed Nov. 14, 2006.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

717

Thomas E. Flynn, Esq., Office of the U.S. Attorney, Sacramento, CA, for Plaintiff-Appellee.

Donovan Dwayne Oliver, Sheridan, OR, pro se.

Gary L. Huss, Esq., Wild Carter & Tipton, a Professional Corporation, Fresno, CA, for Defendant-Appellant.

Before: LEAVY, McKEOWN and GOULD, Circuit Judges.

** This disposition is not appropriate for publication and may not be cited to or by the

MEMORANDUM **

Donovan Dwayne Oliver appeals from the 240–month sentence imposed after the district court granted his motion for relief under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

■ Oliver contends that the district court lacked subject matter jurisdiction over the carjacking charge, 18 U.S.C. § 2119, because there was insufficient evidence of federal nexus to interstate transportation. Because the parties stipulated that the vehicle had been "transported, shipped and received in interstate and foreign commerce," we conclude the district court had jurisdiction. *See United States v. Mathews,* 833 F.2d 161, 164 (9th Cir. 1987) (holding that parties may stipulate to facts from which jurisdiction may be inferred).

Oliver also contends that his sentence violated the equal protection clause to the extent that his sentence exceeded the maximum term he could receive for carjacking under California state law. We decline to reach the issue. *See United States v. Oliver,* 60 F.3d 547, 550 (9th Cir.1995) (declining to reach an equal protection claim because defendant did not raise it in the district court).

■ Next, Oliver contends that the district court erred by increasing his offense level by four levels for serious injury, pursuant to U.S.S.G. § 2B3.1, because the injury was not specifically charged in the indictment and proven beyond reasonable doubt. Because Oliver was sentenced in 2001 under the then-mandatory guidelines and made an objection in the district court sufficient to preserve a Sixth Amendment challenge, he is entitled to have his sen-

courts of this circuit except as provided by 9th Cir. R. 36–3.

tence vacated and remanded for resentencing unless the government can demonstrate that the error is harmless. *See United States v. Beng–Salazar,* 452 F.3d 1088, 1091–92, 1097 (9th Cir.2006). Under the unusual circumstances of this case, which include the fact that the district court has sentenced Oliver three times to the statutory maximum sentence and we believe could, and would, do so again upon remand, we conclude the error is harmless. *See United States v. Menyweather,* 447 F.3d 625, 634 (9th Cir.2006).

Finally, we reject Oliver's contention regarding the district court's upward departure under U.S.S.G. § 2K2.4 because it is unsupported by argument or pertinent authority. *See United States v. Tisor,* 96 F.3d 370, 376 (9th Cir.1996).

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.