ORDER AMENDING DISPOSITION AND DENYING THE PETITION FOR PANEL REHEARING AND PETITION FOR REHEARING EN BANC
The memorandum disposition filed in this case on August 15, 2008, 289 Fed. Appx. 214 (9th Cir.2008), is hereby amended as follows:
1. In the beginning of Section II, delete the paragraph beginning with < Because Big Leggins did not object> and ending with <If a district court’s sentence is procedurally sound, then we review the substantive reasonableness of the sentence for abuse of discretion. Gall v. United States, — U.S. -, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).>
2. Replace the deleted paragraph with: <This court reviews the sentence under an abuse of discretion standard, looking first to whether the district court committed any procedural error and then to the substantive reasonableness of the sentence in light of the totality of the circumstances. Gall v. United States, - U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). >
With these amendments, the panel has voted to deny the petition for panel rehearing and the petition for rehearing en banc.
The petition for panel rehearing and the petition for rehearing en banc are DENIED. No further petitions shall be entertained.
AMENDED MEMORANDUM *
John F. Big Leggins, Jr., appeals the sentence imposed following his guilty plea to one count of arson under 18 U.S.C. § 81 and § 1153(b). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
Big Leggins pleaded guilty to the arson of a vacant house. After an evidentiary hearing, the district court determined that the vacant house constituted a “structure” under U.S.S.G. § 2K1.4 and applied a corresponding base offense level of 20. The district court reviewed and discussed the guidelines range, which was 24-30 months imprisonment, and analyzed the 18 U.S.C. § 3553(a) sentencing factors. The district court then sentenced Big Leggins to 24 months of imprisonment. Big Leggins appeals the district court’s evidentiary rulings, guidelines calculation, and sentence.
I.
In this case, the district court determined that the vacant house was a “structure” other than a dwelling and, accordingly, assigned a base offense level of 20. We agree with this determination.
We review the district court’s factual findings for clear error. United States v. Kimbrew, 406 F.3d 1149, 1151 (9th Cir.2005). We review the district court’s application of the sentencing guidelines to *654 the facts of a case for abuse of discretion, and we review the court’s interpretation of the guidelines or a statute de novo. Id.
When pleading guilty, Big Leggins admitted under oath that he had committed arson of “a building, namely a vacant house.... ” We must, therefore, accept his concession that the vacant house was a “building.” United States v. Broce, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989) (“A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilty and a lawful sentence.”); United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (“a guilty plea conclusively proves the factual allegations contained in the indictment
The plain language of U.S.S.G. § 2K1.4 demonstrates that there was not clear error in the district court’s determination that the “building” was a “structure” for guidelines purposes. We agree with the district court’s determination that “by all reasonable definitions that this court can find and apply, including dictionary definitions of structures, [the vacant house] was a structure.” Under the ordinary meaning of the language, a building — namely, a vacant house — is a “structure.” See, e.g., Black’s Law Dictionary 1436 (7th ed.1999) (“a building is a structure”); Merriam-Webster’s Collegiate Dictionary and Thesaurus (1997 ed.) (defining “structure” as “something (as a building) that is constructed”). The testimony and photograph established that the house was unoccupied and had been damaged prior to the fire; but the evidence also showed that the house was upright, had standing walls, and a shingled intact roof.
Thus, we conclude that the district court did not commit clear error when it determined that the vacant house was a “structure” under U.S.S.G. § 2K1.4(a)(2)(B) and, accordingly, set the base offense level at 20.
II.
We also conclude that the district court properly calculated the advisory guideline range and analyzed the sentencing factors set out in 18 U.S.C. § 3553(a).
This court reviews the sentence under an abuse of discretion standard, looking first to whether the district court committed any procedural error and then to the substantive reasonableness of the sentence in light of the totality of the circumstances. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007).
Here, Big Leggins burned down the vacant house and admitted that he was present during the arson of a utility trailer on that same night. As the district court noted, Big Leggins had a very lengthy tribal criminal history, which included drug crimes, theft, and multiple domestic abuse offenses.
The district court properly calculated Big Leggins’ advisory guidelines range, did not consider the guidelines as mandatory, properly considered the 18 U.S.C. § 3553(a) factors, did not rely on erroneous facts, and adequately explained its sentence. See United States v. Carty, 520 F.3d 984, 993 (9th Cir.2008). Twenty-four months was at the low end of the advisory guideline range. Although the sentence resulted in a disparity between Big Leggins and a co-defendant, the goal of uniformity set forth in § 3553(a)(6) is a nationwide uniformity based upon sentencing guidelines, not uniformity of co-defendants in a particular case. See United States v. Saeteurn, 504 F.3d 1175, 1181 (9th Cir.2007).
*655 We conclude, therefore, that the sentence was reasonable and not an abuse of the court’s discretion.
III.
For the above reasons, we affirm the sentence.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.