UNITED STATES of America,
Plaintiff–Appellee,

v.

Thomas Jeffrey MORRISON,
Defendant–Appellant.

No. 96–50164.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 6, 1997.

Decided May 9, 1997.

Judi M. Sanzo, San Diego, California, for defendant-appellant.

Bruce R. Castetter and Larry A. Burns, Assistant United States Attorneys, San Diego, California, for plaintiff-appellee.

Before BOOCHEVER, KOZINSKI and JOHN T. NOONAN, Jr., Circuit Judges.

## OPINION

KOZINSKI, Circuit Judge.

Defendant challenges the imposition of a life sentence under the recently-enacted federal three strikes law.

On November 13, 1995, Thomas Morrison pleaded guilty to two counts of bank robbery in violation of 18 U.S.C. § 2113(a). Because Morrison had two prior state robbery convictions, his 1995 offenses triggered the three strikes law enacted by Congress in 1994. Under that law, the district judge must sentence to life in prison any defendant who (1) is convicted in federal court of a "serious violent felony"; and (2) has two or more prior "serious violent felony" convictions in federal or state courts, or has at least one "serious violent felony" conviction and at least one "serious drug offense." 18 U.S.C. § 3559(c)(1)(A); *United States v. Farmer,* 73 F.3d 836, 839–40 (8th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 2570, 135 L.Ed.2d 1086 (1996). Although robbery is considered a

"serious violent felony" for purposes of the three strikes law, the statute gives defendant an opportunity to disqualify prior robbery convictions as predicate offenses by proving, by clear and convincing evidence, that he did not use a firearm and that no one died or suffered serious bodily injury as a result of the robbery. 18 U.S.C. § 3559(c)(3)(A).

At issue is whether Morrison's 1990 robbery qualifies as a "strike."[1] The government met its initial burden by providing an abstract of judgment and a transcript of the 1990 hearing during which Morrison pleaded guilty to robbery and the use of a gun. As the district judge interpreted the statute, the burden then shifted to Morrison to disqualify the "strike." Morrison called Michael Snedden, the victim of the 1990 robbery, who testified that he did not recall seeing a weapon. In response, the government introduced Morrison's 1990 "judgment and commitment"; police reports indicating that, on the night of the robbery, Snedden told police that Morrison had a gun; and the testimony of officers called to the scene. The district judge found that Morrison had failed to establish by clear and convincing evidence that he had not used a gun; she sentenced him to life in prison.[2]

On appeal, Morrison argues that the burden-shifting and standard of proof provisions of 18 U.S.C. § 3559(c)(3)(A) are unconstitutional on their face and as applied. He claims the statute violates due process because the government can qualify a predicate felony for purposes of the three strikes law by a mere preponderance of the evidence, while the defendant must produce clear and convincing proof to *dis*qualify the same offense. Morrison argues that if the burden is to be shifted to the defendant at all, due process requires that he be saddled with a

burden of proof no heavier than the prosecution's. Presumably, this could be achieved by raising the government's burden, lowering the defendant's, or both.

Generally, the preponderance of the evidence standard is sufficient to satisfy due process at sentencing, *United States v. Watts*, — U.S. —, —, 117 S.Ct. 633, 637, 136 L.Ed.2d 554 (1997) (per curiam), although there may be an exception "when a sentencing factor has an extremely disproportionate effect on the sentence relative to the offense of conviction." *United States v. Restrepo*, 946 F.2d 654, 659 (9th Cir.1991) (en banc). Morrison argues that a statute as draconian in its penal provisions as this one carries the possibility of such disproportion. However, it is unnecessary to reach this issue. Because Morrison pleaded guilty to firearm use,[3] he was precluded from contending that he did not, in fact, use a gun. The government's burden of proof is therefore irrelevant.[4]

Under *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 762, 102 L.Ed.2d 927 (1989), a guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." Any attempt to contradict the factual basis of a valid plea must fail. *United States v. Mathews*, 833 F.2d 161, 165 (9th Cir.1987).

In *Mathews*, the defendant sought to avoid his sentence on the ground that the evidence did not support an essential element of the indictment to which he had pleaded guilty. We held that "[b]y pleading guilty to the indictment ... Mathews conclusively admitted the allegation." *Id.* We further noted that the defendant's attempt to contradict

---

1. Morrison does not contest that his earlier robbery conviction qualifies.

2. Absent the three strikes law, Morrison would have faced a maximum 20-year sentence. 18 U.S.C. § 2113(a).

3. The provision to which Morrison pleaded guilty—California Penal Code § 12022.5(a)(1)—provides:

    [A]ny person who personally uses a firearm in the commission or attempted commission of a

felony shall, upon conviction of that felony or attempted felony, in addition and consecutive to the punishment prescribed for the felony or attempted felony of which he or she has been convicted, be punished by an additional term of imprisonment in the state prison for 3, 4, or 10 years. . . .

4. Morrison's facial challenge to the statute must fail if there is any set of circumstances under which the law could be constitutionally applied. *See Roulette v. City of Seattle*, 97 F.3d 300, 306 (9th Cir.1996).

the plea was tantamount to challenging the validity of the plea. *Id.*

▮▮▮▮ Morrison's conviction for the 1990 robbery—the "strike" he now seeks to disqualify—rested on a guilty plea that included a firearm use enhancement under California Penal Code § 12022.5(a)(1).[5] Whether Morrison used a firearm during the commission of the 1990 robbery is therefore *res judicata*. *See Broce*, 488 U.S. at 569, 109 S.Ct. at 762; *Mathews*, 833 F.2d at 165.[6] While section 3559(c)(3)(A) allows defendant to prove he did not use a gun or cause death or serious bodily injury where a prior conviction does not conclusively settle the question, he does not have the right to rebut facts necessarily adjudicated by the earlier judgment. Morrison's 1990 robbery therefore qualifies as a predicate offense; his life sentence was lawfully imposed.[7]

**AFFIRMED.**

5. The enhancement was addressed during Morrison's 1990 plea colloquy:

MR. HALLARD [defense counsel]: Do you understand that the Complaint filed herein accuses you of the felony offense of Penal Code Section 211, robbery in the second degree, with an allegation of Penal Code Section 12022.5, use of a weapon ... ?
DEFENDANT MORRISON: Yes.
MR. HALLARD: Do you freely desire to plead guilty to the felony offense of Penal Code Section 211, robbery in the second degree, and admit the allegation of use of a firearm?
DEFENDANT MORRISON: Yes.
....
MR. ABBOTT [prosecutor]: And, in addition, you have been charged with a violation of Penal Code Section 12022.5 which is the use allegation. Specifically, use of a firearm. Do you admit that allegation now?
DEFENDANT MORRISON: Yes.
RT, Nov. 9, 1990, at 2, 10.

6. Morrison argues that for the robbery to qualify as a strike, it must involve "use" of a weapon as defined in *Bailey v. United States*, —— U.S. ——,

——, 116 S.Ct. 501, 508, 133 L.Ed.2d 472 (1995)(holding that, for purposes of 18 U.S.C. § 924(c), "use" means "active employment"). This is a misreading of section 3559. Its list of "serious violent felon[ies]" includes, *inter alia*, "firearms use" and "robbery." While the section pertaining to "firearms use" makes explicit reference to section 924(c), *see* 18 U.S.C. § 3559(c)(2)(D), the section pertaining to robbery does not. *See* 18 U.S.C. § 3559(c)(3)(A).

7. Morrison also argues that the district judge abused her discretion by relying on inadmissible hearsay. Hearsay admissible at sentencing must have some minimal indicia of reliability. *United States v. Huckins*, 53 F.3d 276, 279 (9th Cir. 1995). Morrison claims that statements made by Snedden to the police immediately after the robbery lacked the requisite indicia of reliability. Since Morrison's guilty plea is conclusive, for the reasons stated in the text, we need not consider this claim.