**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph GOUGH, Defendant–Appellant.**

**No. 95–55988.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 7, 1998.*

Decided Aug. 20, 1998.

Joseph Gough, Ashland, Kentucky, pro se.

Carl H. Moor, Assistant United States Attorney, Los Angeles, California, for plaintiff-appellee.

Before: FLETCHER, THOMPSON and LEAVY, Circuit Judges.

* The panel unanimously finds this case suitable for disposition without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34–4.

DAVID R. THOMPSON, Circuit Judge:

Appellant Joseph Gough appeals pro se the district court's denial of his 28 U.S.C. § 2255 motion challenging his conviction and sentence. Gough pleaded guilty to one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and was sentenced to 120 months. Gough contends the factual allegations in the information did not allege all the elements of money laundering. He further argues that his counsel was ineffective for not challenging on direct appeal the sufficiency of the information and the factual basis for his plea. He also argues he is entitled to relief from his conviction because his codefendants who proceeded to trial were granted relief in their appeal to this court.

We have jurisdiction pursuant to 28 U.S.C. § 2255, and we affirm.

Gough argues that he should not have been convicted of money laundering, despite his guilty plea, because he was only transporting boxes of drug money and knew nothing of the money's origin. He further argues that merely transporting money is not a "financial transaction" under 18 U.S.C. § 1956.

Gough's contentions are belied by the record. At his plea hearing, Gough admitted he delivered boxes which he knew contained narcotic proceeds. The boxes contained over $5 million in cash. The information was read in its entirety at Gough's plea hearing and he admitted the truth of all the factual allegations. In addition, he engaged in the following colloquy with the court:

> The Court: Why don't you briefly tell me what you did.
>
> Gough: I transported money to the Holiday Inn in Romulus, Michigan, and I know that money came from drugs.
>
> The Court: All right. Where did you deliver it from? Los Angeles to?
>
> Gough: From Detroit.
>
> The Court: From Detroit. One place in Detroit to another place?
>
> Gough: Yes.

■ A guilty plea "comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Broce,* 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d

927 (1989). By pleading guilty, a defendant admits the facts constituting the elements of the charge. *United States v. Cazares,* 121 F.3d 1241, 1246 (9th Cir.1997). "Any attempt to contradict the factual basis of a valid plea must fail." *United States v. Morrison,* 113 F.3d 1020, 1021 (9th Cir.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 583, 139 L.Ed.2d 421 (1997) (holding that because the defendant pleaded guilty to firearm use, he was precluded from arguing that he did not, in fact, use a gun). Pursuant to the foregoing line of cases, Gough is precluded from now attacking the factual allegations in the information.

The sufficiency of these allegations, however, forms the basis of Gough's claim that his counsel was ineffective for failing to challenge the information and the factual basis for his plea on direct appeal.

■ To properly charge the offense of money laundering, the information must contain allegations that the defendant: (1) conducted a financial transaction involving the proceeds of unlawful activity; (2) knew the proceeds were from unlawful activity; and (3) intended to promote unlawful activity. 18 U.S.C. § 1956(a)(1)(A)(i). The factual basis for a guilty plea must contain these elements. A financial transaction includes a "transfer, *delivery,* or other disposition" of money. 18 U.S.C. § 1956(c)(3) (emphasis added).

■ Although Gough argues that mere transportation of drug money does not constitute a "financial transaction," he did more than that. He hired a codefendant to drive the van loaded with the $5 million of drug proceeds. He admitted he knew the money he delivered was proceeds from narcotics transactions. He waited in a nearby room while the money was unloaded from the van. This delivery was a "financial transaction" within the meaning of 18 U.S.C. § 1956(c)(3). *See United States v. Garcia Abrego,* 141 F.3d 142, 160 (5th Cir.1998) (defining a financial transaction for the purposes of section 1956 to include giving money "over to the care or possession of another"); *United States v. Flores,* 63 F.3d 1342 (5th Cir.1995) (holding the defendant was involved in a financial transaction because he delivered money); *United States v. Reed,* 77 F.3d 139, 142–43

(6th Cir.1996) *cert. denied,* 517 U.S. 1246, 116 S.Ct. 2504, 135 L.Ed.2d 194 (1996) (holding that delivering drug money to a courier is a financial transaction under section 1956).

Gough's final argument· is that ·because several of his codefendants who proceeded to trial were granted relief in their appeal, he should be granted similar relief in this appeal. This argument is meritless. Although we reversed some of the counts of conviction against Gough's codefendants in their appeal, *see United States v. Barona,* 59 F.3d 176, 1995 WL 365461 (9th Cir. June 6, 1995) (unpublished decision), and *United States v. Barona,* 56 F.3d 1087 (9th Cir.1995), the issues raised in their appeal have no relation to this appeal.

AFFIRMED.