**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Mario Miranda GARCIA, Defendant–
Appellant.**

No. 00–30269.

D.C. No. CR–97–60058–AA.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Sept. 10, 2001.

Submission Deferred Sept. 12, 2001.

Resubmitted Jan. 25, 2002.

Decided Jan. 29, 2002.

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

MEMORANDUM *

Mario Miranda–Garcia ("Appellant") appeals the 324–month sentence imposed by the district court following his conviction on various counts related to distribution of heroin and money laundering. Appellant contends that his sentence should be vacated because it exceeds the statutory maxi-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

mum allowable, pursuant to *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and *United States v. Nordby*, 225 F.3d 1053 (9th Cir.2000), *overruled in part by United States v. Buckland*, 277 F.3d 1173, 1182 (9th Cir. 2002) (en banc). Appellant further contends that there was insufficient evidence to establish drug quantity and that the district court erred in denying him an adjustment in his offense level for acceptance of responsibility. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

■ Appellant pleaded guilty to conspiring to distribute heroin in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(i), and 846. "A guilty plea 'comprehend[s] all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence.'" *United States v. Gough*, 152 F.3d 1172, 1173 (9th Cir.1998) (quoting *United States v. Broce*, 488 U.S. 563, 569, 109 S.Ct. 757, 102 L.Ed.2d 927 (1989)) (alteration in original). Section 841(b)(1)(A)(i) carries a penalty of ten years to life; thus, Appellant's sentence was "within the statutory range for the crime to which [he] pleaded guilty" and, accordingly, did not violate *Apprendi. United States v. Silva*, 247 F.3d 1051, 1060 (9th Cir.2001).

■ The district court's decision to deny a reduction for acceptance of responsibility was based on its finding that Appellant decided to plead guilty not out of remorse, but because he saw the strength of the government's case against him. This finding was not clearly erroneous. *See United States v. Scrivener*, 189 F.3d 944, 947–48 (9th Cir.1999) (reviewing for clear error the district court's determination as to a defendant's acceptance of responsibility).

The sentence imposed by the district court is therefore

AFFIRMED.