UNITED STATES of America,
Plaintiff—Appellee,

v.

Tierice KNOX, Defendant—Appellant.

No. 01–30056.

D.C. No. CR–94–00016–a–JKS.

United States Court of Appeals,
Ninth Circuit.

Submitted March 6, 2002.*

Decided April 16, 2002.

Before ALARCÓN, and SILVERMAN, Circuit Judges, and BREWSTER,** District Judge.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** Honorable Rudi M. Brewster, Senior United States District Judge for the District of Southern California, sitting by designation.

## MEMORANDUM***

Tierice Knox ("Knox") appeals from his sentence of imprisonment for 37 months entered following the district court's revocation of its order of supervised release. Knox contends that his sentence must be vacated because it exceeded the punishment that can be imposed for a Class C felony. We affirm because we conclude that Knox pled guilty to a Class A felony.

### I

On February 22, 1994, the federal grand jury indicted Knox for the crime of possession of 16 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). On March 22, 1994, the grand jury returned a first superseding indictment which charged Knox and others in a single count with conspiracy to possess crack cocaine with the intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and 846. In the allegation of overt acts, the indictment provides that approximately 53 grams of crack cocaine were discovered at Knox's residence on or about February 16, 1993. The first superseding indictment was filed on March 23, 1994.

On May 5, 1994, Knox entered a plea of not guilty at his arraignment on the first superseding indictment. On June 15, 1994, Knox signed a plea agreement in which he agreed to plead guilty to the crime set forth in the indictment, i.e., conspiracy to possess crack cocaine with the intent to distribute it. The plea agreement provides that "[t]he parties agree that the offense described in the Indictment involved approximately 58 grams of crack cocaine." On the same date, Knox filed a notice of change of plea. The federal prosecutors signed the plea agreement on June 23, 1994, and Knox entered a plea of guilty to the crime of conspiracy as set forth in the first superseding indictment.

On February 27, 1995, Knox withdrew his plea of guilty and the case was set for trial. On February 28, 1995, the grand jury returned a second superseding indictment. Knox was charged in count one with possession with intent to distribute approximately 58 grams of crack cocaine in violation of 21 U.S.C. § 841(a)(1). In count two, he was charged with using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). The second superseding indictment was filed on March 2, 1995. On the same date, Knox's attorney informed the court that his client wished to change his plea to guilty and "go forward with the plea agreement that was reached and filed with the Court on June the 23rd, 1994." The district court ordered that Knox be sworn as a witness. The court informed Knox that "if you enter a plea, it would be to a charge of conspiracy to distribute cocaine in violation of 21 U.S.C.Code Section 846." The court also asked Knox if the plea agreement truthfully reflected that he possessed approximately 58 grams of crack cocaine "which he intended to distribute for the conspiracy." Knox replied affirmatively.

After this colloquy, Knox entered a plea of guilty to the charge of conspiracy to distribute cocaine as alleged in the first superseding indictment.[1] Consistent with

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. On March 3, 1995, the Government filed a motion to dismiss "the superseding indictment filed against the defendant without prejudice ... due to defendant accepting the parties plea agreement and being sentenced therein." While the Government did not expressly indicate that it was seeking dismissal of the second superseding indictment, it is evident from the March 2, 1995 proceedings that Knox entered a guilty plea to the crime

the terms of the plea agreement, the court sentenced Knox to a term of imprisonment for 48 months, and ordered that he be placed on supervised release for five years. Knox's counsel did not interpose an objection to the court's sentencing decision. No direct appeal was taken from the judgment of conviction or the sentence imposed by the court on March 2, 1995.

## II

Knox was released from custody on March 2, 1999. On that date, he began serving the five-year period of supervised release ordered by the court. On October 14, 1999, the United States Probation Office filed a petition to revoke Knox's supervised release based on his arrest by state officers for distributing crack cocaine. During the revocation proceedings, Knox admitted to the allegation contained in the petition. At the sentencing proceedings, Knox's counsel argued that on March 2, 1995, he pled guilty to a Class C felony. Accordingly, he maintained that, pursuant to 18 U.S.C. § 3583(e)(3), a defendant may not be required to serve more than two years following a revocation of supervised release. The district court concluded that Knox pled guilty to a Class A felony, in violation of 21 U.S.C. § 841(b)(1)(A). The court sentenced Knox to serve 37 months for violating the terms of his supervised release.

## III

Knox contends that the underlying offense to which he pled guilty was a Class C felony because "neither the indictment or the elements of the offense for which the defendant was convicted" specified the quantity of the controlled substance. Pursuant to 18 U.S.C. § 3559, an offense is a

charged in the first superseding indictment. The district court granted the Government's

Class C felony if the maximum term of imprisonment authorized is "less than twenty-five years but ten or more years." 18 U.S.C. § 3559(a)(3). "We review a district court's application of the supervised release statute de novo." *United States v. Lomayaoma,* 86 F.3d 142, 146 (9th Cir. 1996). A district court's factual findings are reviewed for clear error. *Id.* Knox's argument is not supported by the record.

In response to the district court's careful interrogation to determine whether there was a factual basis for a plea of guilty to a conspiracy to possess crack cocaine with the intent to distribute it, Knox admitted that he possessed 58 grams of crack cocaine which he intended to distribute. The first superseding indictment also alleges as an overt act that approximately 53 grams of crack cocaine were found in his residence. The court also informed Knox that the maximum penalty for possession with intent to distribute 58 grams of cocaine was life imprisonment, and that there was a ten-year mandatory minimum for that offense. He was also advised that he would be subject to a five-year period of supervised release if he pled guilty.

Once entered, "[a] guilty plea comprehends all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." *United States v. Gough,* 152 F.3d 1172, 1173 (9th Cir.1998) (quotation omitted) (holding that where defendant admitted to judge in plea colloquy that he knew the money he was transporting came from drugs, he is precluded from later attacking the factual allegations in the information as failing to allege knowledge). "By pleading guilty, a defendant admits the facts constituting the elements of the charge.

motion on March 8, 1995.

Any attempt to contradict the factual basis of a valid plea must fail." *Id.* (citation and quotation omitted).

Pursuant to 21 U.S.C. § 841(b)(1)(A)(iii), the penalty for possessing with intent to distribute 50 grams or more of a substance which contains a mixture of cocaine base is subject to imprisonment for not less than ten years or more than life imprisonment. A Class A felony is defined in 18 U.S.C. § 3559(a)(1) as an offense carrying a maximum sentence of life imprisonment. The authorized term of supervised release for a Class A felony is "not more than five years." 18 U.S.C. § 3583(b)(1). The district court did not err in determining that Knox pled guilty to a Class A felony, or in ordering him to serve 37 months in prison for violating a condition of his supervised release. 18 U.S.C. § 3583(e)(3).

## IV

Knox also claims that the district court violated the rule set forth in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), when it imposed a 37–month prison term because the sentence exceeded the statutory maximum of 24 months prescribed by 18 U.S.C. § 3583(e)(3) for Class C felonies. This issue is foreclosed by our conclusion that the district court properly determined that Knox pled guilty to a Class A felony.

The record shows that Knox pled guilty to conspiracy to possess crack cocaine with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and 846. Through clerical error, the judgment states that Knox's plea was entered to the crime of possession of crack cocaine with intent to distribute it in violation of 21 U.S.C. § 841(a)(1). We *sua sponte* modify the judgment to reflect that Knox pled guilty to conspiracy to possess crack cocaine with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and 846. *See* 28 U.S.C. § 2106 (a court of appeals may modify any judgment of a court lawfully brought before it for review).

The judgment is AFFIRMED as modified.