**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Sandra Kay BROWN, aka Sandra Kay Foster, Defendant—Appellant.**

No. 03–10281.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 2004.

Decided March 22, 2004.

Linda C. Boone, Esq., USPX, Phoenix, AZ, for Plaintiff–Appellee.

Marc J. Victor, Esq., Victor & Hall, PLC, Mesa, AZ, for Defendant–Appellant.

Before: GRABER and W. FLETCHER, Circuit Judges, and WEINER,* Senior District Judge.

## MEMORANDUM **

A jury convicted Defendant Sandra Kay Brown of conspiracy to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841 and 846, and money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i).

■ 1. The conspiracy conviction is supported by sufficient evidence. For example, Defendant brought one pilot into the drug-selling organization and participated in the decision to hire a second pilot, and the pilots transported marijuana and money for the organization, not just for Defendant. Defendant also exercised privileges not open to ordinary customers, such as receiving on credit large amounts of drugs for resale and inspecting the drugs in locations kept secret from ordinary customers. The jury was not required to believe Defendant's claim that she was a mere customer or mere acquaintance.

■ 2. The money laundering conviction, however, is not supported by sufficient evidence. The government did not try the case on a theory of aiding and abetting, so that theory is not available on

---

* The Honorable Charles R. Weiner, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

appeal. *See McCormick v. United States,* 500 U.S. 257, 270 n. 8, 111 S.Ct. 1807, 114 L.Ed.2d 307 (1991) (holding that an appellate court may not affirm conviction on a new theory not presented to the jury). Therefore, the question is whether the evidence supports a finding that Defendant engaged in a "financial transaction" as defined in 18 U.S.C. § 1956(c)(4)(A) and, specifically, whether a transfer of drug proceeds occurred. *See United States v. Gough,* 152 F.3d 1172 (9th Cir.1998) (holding that a delivery of drug proceeds was a financial transaction).

Defendant did not possess the cash that Gleason transported in the airplane. The evidence shows only that Defendant knew the cash was being transported, did not interfere with Gleason's delivery of it, and informed a co-conspirator about the progress of the flight. That evidence is insufficient to prove Defendant's guilt of money laundering as a principal.

Conviction of conspiracy AFFIRMED; conviction of money-laundering REVERSED; REMANDED for appropriate resentencing.