**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 20 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50061 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02766-CAB-1 |
| v. | |
| FERNANDO ARMENTA-ROMERO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-50063 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-02766-CAB-2 |
| v. | |
| CARLOS HERNANDEZ-PALMA, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted June 8, 2016
Pasadena, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and WARDLAW, Circuit Judges and BENNETT,[**] Senior District Judge.

Fernando Armenta-Romero and Carlos Hernandez-Palma ("Appellants") agreed to illegally transport Mexican nationals, Jaqueline Capistran-Ochoa ("Capistran") and her husband, Baltazar Razo-Barreto ("Razo"), across the border between Mexico and the United States. During the crossing, which took the group through the Otay Mountains, Capistran, who was diabetic and pregnant, died. Appellants pleaded guilty to aiding and abetting bringing an alien into the United States resulting in death, in violation of 8 U.S.C. § 1324(a)(1)(A)(i), (v)(II), (a)(1)(B)(iv) & 18 U.S.C. § 2, and aiding and abetting bringing an alien into the United States for financial gain, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii) & 18 U.S.C. § 2. The district court sentenced Armenta-Romero to 57 months' imprisonment, and Hernandez-Palma to 84 months' imprisonment. Appellants appeal the district court's application of two United States Sentencing Guideline enhancements, U.S.S.G. § 2L1.1(b)(6) & (b)(7), in the calculation of their criminal sentences.

We have jurisdiction under 28 U.S.C. § 1291. We assume for purposes of this appeal that clear and convincing evidence was required to support the factual

---

[**] The Honorable Mark W. Bennett, Senior District Judge for the U.S. District Court for the Northern District of Iowa, sitting by designation.

findings on which the enhancements were based, and that the district court's application of the Sentencing Guidelines to the facts is reviewed de novo.[1] We affirm.

1. Appellants contend the district court erred in applying U.S.S.G. § 2L1.1(b)(6), a sentencing enhancement for unlawful alien transportation offenses that involve "recklessly creating a substantial risk of death or serious bodily injury to another person."[2] We disagree.

In *United States v. Rodriguez-Cruz*, 255 F.3d 1054 (9th Cir. 2001), we found "guidance" as to U.S.S.G. § 2L1.1(b)(6)'s use of the term "recklessly" in an Application Note to another Guideline provision, which defined "Reckless" to "refer[] to a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk

---

[1] *See United States v. Gardenhire*, 784 F.3d 1277, 1280 n.3 (9th Cir. 2015) ("Generally, the party seeking to adjust an offense level must establish that the adjustment is merited by a preponderance of the evidence, but the burden increases to clear and convincing evidence if the adjustment will have a disproportionate impact on the ultimate sentence imposed.") (citation and internal quotation marks omitted); *United States v. Tanke*, 743 F.3d 1296, 1306 (9th Cir. 2014) (recognizing an "intracircuit split as to whether the standard of review for application of the Guidelines to the facts is de novo or abuse of discretion").

[2] U.S.S.G. § 2L1.1(b)(6) also applies to offenses that involve "intentionally . . . creating a substantial risk of death or serious bodily injury," which are not at issue here.

constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." 255 F.3d at 1059 (quoting U.S.S.G. § 2A1.4 cmt. n.1). In *United States v. Gardenhire*, 784 F.3d 1277 (9th Cir. 2015), we noted that, for a district court to find recklessness under the standard set forth by the same Application Note, there must be sufficient evidence that the defendant's conduct was objectively unreasonable, and that the defendant was subjectively aware of the conduct's unreasonableness. *Id.* at 1282.

The district court did not err in finding that, objectively and subjectively, Appellants unreasonably created a substantial risk of death or serious bodily injury for Capistran. Although Appellants were not aware that Capistran was pregnant or diabetic before the trip, they observed that she became winded simply by walking around a park, and initially refused to transport her. The district court reasonably concluded that Appellants knew Capistran might not be physically capable of making the crossing through the mountains, and that the crossing created an objectively "substantial risk."[3] Further, although there were certain "inconsistencies" in the record, there was sufficient uncontroverted evidence on

_____

[3] The district court's findings were based upon uncontroverted portions of Appellants' Presentence Investigation Reports, which may provide clear and convincing evidence of the factual basis for a sentencing enhancement. *United States v. Romero-Rendon*, 220 F.3d 1159, 1165 (9th Cir. 2000).

which basis to conclude that, while en route, Capistran's condition worsened, but Appellants delayed seeking help for her because they were more concerned with avoiding the Border Patrol than with Capistran's health and safety. At some point, Capistran could no longer walk, and then became unresponsive. Razo left the group to get help and, after moving Capistran's body, Appellants fled, leaving Capistran alone in the mountains, knowing with certainty that her condition was rapidly deteriorating.

2.      Appellants contend that the district court erred in applying U.S.S.G. § 2L1.1(b)(7)(D)'s ten-point enhancement for unlawful alien transportation offenses during which "any person died," without expressly finding that Appellants actually or proximately caused Capistran's death. However, Appellants pleaded guilty to aiding and abetting bringing an alien into the United States "resulting in the death of the alien." 8 U.S.C. § 1324(a)(1)(B)(iv). A defendant is guilty of this offense only if "the Government proves beyond a reasonable doubt that the defendant's conduct was the proximate cause of the charged death[]." *United States v. Pineda-Doval*, 614 F.3d 1019, 1028 (9th Cir. 2010); *see also* U.S.S.G. § 1B1.3(a)(1)(A) (acts "aided" or "abetted" by a defendant are relevant sentencing conduct). Therefore, Appellants, by their pleas of guilty, necessarily admitted that

their conduct proximately caused Capistran's death.[4]  Thus, the district court did not err in sentencing Appellants under U.S.S.G. § 2L1.1(b)(7)(D) without making additional findings of causation.

**AFFIRMED.**

---

[4]  Appellants have expressly waived any challenge to their underlying convictions, and so cannot collaterally attack the factual bases of their pleas. *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997).