NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    20-50066 |
| Plaintiff-Appellee, | D.C. No. 3:18-cr-03737-WQH-1 |
| v. | |
| JOSE LUIS GARCIA-MUNGUIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
William Q. Hayes, District Judge, Presiding

Submitted June 9, 2021[**]
Pasadena, California

Before:  GRABER, CALLAHAN, and FORREST, Circuit Judges.

A jury found Jose Garcia-Munguia (Garcia) guilty of conspiracy to distribute methamphetamine, 21 U.S.C. §§ 841(a)(1), 846, and conspiracy to launder monetary instruments, 18 U.S.C. § 1956(a), (h). Garcia appeals, arguing that there was insufficient evidence to support either count of conviction. "Claims of insufficient

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

evidence to support a jury verdict are reviewed de novo." *United States v. Vazquez-Hernandez*, 849 F.3d 1219, 1229 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      The evidence was sufficient to prove a financial transaction, as required under 18 U.S.C. § 1956. "A financial transaction includes a 'transfer, *delivery*, or other disposition' of money." *United States v. Gough*, 152 F.3d 1172, 1173 (9th Cir. 1998) (quoting 18 U.S.C. § 1956(c)(3)). Here, the evidence showed that Garcia's car, with a Hispanic male passenger inside, parked briefly next to the car where the proceeds were found; Garcia's trunk quickly opened and shut again; and over 40 of Garcia's fingerprints were found on the packaging containing the proceeds. Additionally, the government established that Garcia coordinated many other drug-proceeds deliveries. Thus, viewing the facts in the light most favorable to the government, *Vazquez-Hernandez*, 849 F.3d at 1229, a rational juror could have found beyond a reasonable doubt that Garcia delivered drug proceeds to a co-conspirator.

2.      The government also proved that the financial transaction affected interstate or foreign commerce. Under 18 U.S.C. §1956(a)(1), the government needed to show only that monetary proceeds from a drug trafficking transaction "had a *minimal effect* on interstate commerce." *See United States v. Ripinsky*, 109 F.3d 1436, 1444 (9th Cir.), *as amended*, 129 F.3d 518 (9th Cir. 1997) (emphasis added),

*overruled on other grounds by United States v. Sablan*, 114 F.3d 913, 916 (9th Cir. 1997) (en banc). It is well-established that intrastate drug trafficking has a *substantial* effect on interstate commerce. *United States v. Rodriguez*, 360 F.3d 949, 957 (9th Cir. 2004); *see also United States v. Tisor*, 96 F.3d 370, 375 (9th Cir. 1996). Because the evidence showed that Garcia was involved in drug activities and that he sent related proceeds to Mexico, the government satisfied its burden of proving a minimal effect on interstate and foreign commerce.

3.     Finally, the evidence was sufficient to prove that Garcia conspired to distribute methamphetamine. Although a buyer-seller relationship is insufficient to establish an agreement for a conspiracy conviction, *United States v. Loveland*, 825 F.3d 555, 562 (9th Cir. 2016), the government demonstrated that Garcia played a significant role in his co-conspirator's drug-trafficking operation. Accordingly, Garcia's challenge to his conviction under 21 U.S.C. §§ 841(a)(1) and 846 fails.

**AFFIRMED.**