**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

HASSAN KANYIKE, AKA Hassan
Shaban Kanyike,

Defendant-Appellant.

No.    21-50269

D.C. No.
2:21-cr-00081-VAP-1

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Argued and Submitted November 17, 2022
Pasadena, California

Before:   TASHIMA and NGUYEN, Circuit Judges, and FITZWATER,[**] District
Judge.

Hassan Kanyike ("Kanyike") appeals his sentence, contending that his counsel

rendered constitutionally ineffective assistance by failing to effectively argue at

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Sidney A. Fitzwater, United States District Judge for the
Northern District of Texas, sitting by designation.

sentencing the reasons why he was not subject to the two-level "sophisticated means" enhancement under U.S.S.G. § 2B1.1(b)(10)(C) and failing to challenge the two-level enhancement under U.S.S.G. § 2B1.1(b)(17)(A) for deriving gross receipts of over $1 million from financial institutions. Although we generally do not review challenges to the effectiveness of defense counsel on direct appeal, *United States v. Singh*, 979 F.3d 697, 731 (9th Cir. 2020), we will do so where the record on appeal "is sufficiently developed to permit review and determination of the issue," *id*. at 732 (quoting *United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013)). Both sides, in fact, maintain that Kanyike's ineffective assistance claims can be decided in this direct appeal. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), and we affirm.

1. Kanyike's counsel objected—both before and at sentencing—to the two-level "sophisticated means" enhancement under U.S.S.G. § 2B1.1(b)(10)(C). What he did not do was cite non-binding out-of-circuit precedent that Kanyike maintains should have been cited in support of the objection. This failure to cite non-binding authority did not fall below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984).

2. Nor was Kanyike's counsel constitutionally ineffective for failing to contest the two-level gross receipts enhancement under U.S.S.G. § 2B1.1(b)(17)(A). Kanyike

2

stipulated to facts in support of his plea agreement, including the fact that he derived $1,002,550 (the total of several bank loans) in gross receipts from financial institutions. Given this admission, his counsel's failure to dispute that he derived more than $1 million from financial institutions did not fall below an objective standard of reasonableness. *See Strickland*, 466 U.S. at 687-88; *United States v. Morrison*, 113 F.3d 1020, 1021 (9th Cir. 1997) ("Any attempt to contradict the factual basis of a valid plea must fail."); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) ("The failure to raise a meritless legal argument does not constitute ineffective assistance of counsel.").

Because the record on appeal is sufficiently developed to permit review and determination of the issue and Kanyike has failed to demonstrate that his counsel rendered constitutionally ineffective assistance, we affirm the judgment of the district court.

**AFFIRMED.**